PER CURIAM.
Jose A. Diez appeals a final order of .the Reemployment Assistance Appeals Commission (“Commission”) concluding that he does not qualify for reemeployment assistance because he lacks sufficient base period wage credits. See § 443.111(2)(b), Fla. Stat. We affirm.
Diez worked for BellSouth Telecommunications from some time in 1973 until December 15, 2011, when he was laid off. Under his employment contract, he then became eligible for (and took advantage of) participation in a “job bank” for six months while the employer attempted to find him another job. He performed no services for the employer during the six- *1270 month period. His employment contract also provided for a termination allowance of approximately $114,435, which he received post-termination, as contemplated. He received a payment of $18,029.34 during first quarter 2012, and took the remaining $96,406 during second quarter 2012 when he opted to leave the job bank before the six-month period ended.
Diez filed his claim for reemployment assistance on February 1, 2013. To determine whether Diez had sufficient wage credits to qualify for benefits, the Commission first established the pertinent base period as October 1, 2011, through September 31, 2012. See § 443.036(7), Fla. Stat. (2012) (defining “base period” as “the first four of the last five completed calendar quarters immediately preceding the first day of an individual’s benefit year”); § 443.036(9), Fla. Stat. (2012) (defining “benefit year” as “the 1-year period beginning with the first day of the first week for which the individual first files a valid claim for benefits!.]”). Diez does not contest these determinations.
Next, pursuant to section 443.111, the Commission calculated Diez’s wage credits. In pertinent part, the statute provides:
Qualifying requirements. — To establish a benefit year for reemployment assistance benefits, an individual must have:
(a) Wage credits in two or more calendar quarters of the individual’s base period.
(b) Minimum total base period wage credits equal to the high quarter wages multiplied by 1.5, but at least $3,400 in the base period.
§ 443.111(2), Fla. Stat. (2012). According to the Commission’s computations based on the wage information provided by the employer, Diez’s total base period wage credits ($129,615.73) are less than the high quarter wages ($96,406) multiplied by 1.5 ($144,609). Therefore, his wage credits do not meet the requirement in paragraph (b), and he does not qualify for reemployment assistance benefits.
Diez does not dispute either the employer-supplied wage information or the Commission’s arithmetic computations based on that information. Rather, he appears to argue that, because the $114,435 termination allowance equated to 90 weeks, or seven quarters, of pay, the Commission should have treated the allowance as if it had been paid over the course of seven quarters. Had the Commission done so, he argues, he would have sufficient base period wage credits, and thus, would be eligible for unemployment benefits.
Florida Administrative Code Rule 73B-11.016 governs the computation of wages for determining a claimant’s eligibility for benefits. It provides, in pertinent part:
Assignment of Wages to Calendar Quarters. Wages will generally be counted as reported by the employer. Upon request by the claimant or employer and for the purpose of determining the claimant’s weekly benefit amount and maximum available credits, wages may be assigned to the calendar quarter in which the wages were earned, but can be used in only one base period.
Fla. Admin. Code R. 73B-11.016(l)(b) (emphasis added). In this case, the Commission assigned Diez’s wages, including the termination allowance, to the calendar quarters in which he received payments, as reported by the employer. The Commission posits that it could not have used the alternative wage-assignment method in the manner Diez urges because he provided no remunerable services to the employer after he was laid off. Accordingly, Diez did not “earn” any portion of the termination allowance after December 2011, though he received the allowance post lay-off. Ab *1271 sent a showing by Diez that the Commission’s interpretation of the applicable law is erroneous, see section 120.68(7)(d), Florida Statutes, we must AFFIRM the final order on appeal.
BENTON, WETHERELL, and MARSTILLER, JJ., concur.