# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2047
Lower Tribunal No. R.A.A.C. Docket No. 21-01117

_____

**Michael Reguzzoni,**
Appellant,

vs.

**Reemployment Assistance Appeals Commission,**
Appellee.

An Appeal from the Florida Reemployment Assistance Appeals Commission.

Michael Reguzzoni, in proper person.

Amanda L. Neff, Deputy General Counsel, and Katie E. Sabo, Appellate Counsel (Tallahassee), for appellee.

Before EMAS, SCALES and HENDON, JJ.

PER CURIAM.

Affirmed. <u>See</u> Fla. Admin. Code. R. 73B-11.016(1)(b) ("Wages will generally be counted as reported by the employer. Upon request by the claimant or employer and for the purpose of determining the claimant's weekly benefit amount and maximum available credits, <u>wages may be assigned to the calendar quarter in which the wages were earned</u>, but can be used in only one base period") (emphasis added). <u>See also</u> <u>Diez v. Reemployment Assistance Appeals Comm'n,</u> 152 So. 3d 1269, 1270-71 (Fla. 1st DCA 2014) ("In this case, the Commission assigned Diez's wages, including the termination allowance, to the calendar quarters in which he received payments, as reported by the employer. The Commission posits that it could not have used the alternative wage-assignment method in the manner Diez urges because he provided no remunerable services to the employer after he was laid off. Accordingly, Diez did not 'earn' any portion of the termination allowance after December 2011, though he received the allowance post lay-off.")